# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00153-MR
# (CRIMINAL CASE NO. 1:06-cr-00004-MR-1)

| | |
|---|---|
| REYMUNDO MONGE RODRIGUEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under to 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

A jury found Petitioner guilty of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Three); and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four). [Crim. Case No. 1:06-cr-4 ("CR"), Doc. 23]. As to Count One, the jury found that Petitioner was personally involved

with the possession with intent to distribute at least 50 grams of methamphetamine and at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and that those amounts were known or reasonably foreseeable by Petitioner in furtherance of the conspiracy. [Id.]. As to Count Two, the jury found that Petitioner possessed at least 50 grams of methamphetamine. [Id.].

The Presentence Investigation Report ("PSR") grouped Counts One through Three and scored the base offense level as 38 pursuant to U.S. Sentencing Guidelines § 2D1.1 because Petitioner was responsible for an equivalent of 47,160.64 kilograms of marijuana. [CR Doc. 42 at ¶ 23]. No enhancements were applied. [CR Doc. 42 at ¶ 31]. Petitioner had zero criminal history points and a criminal history category of I. [CR Doc. 42 at ¶¶ 33-36, 49]. The resulting guidelines imprisonment range was 235 to 293 months, and a mandatory consecutive sentence of not less than five years for Count Four. [CR Doc. 42 at ¶ 49].

In a Judgment entered on November 13, 2006, Petitioner was sentenced to a total of 295 months' imprisonment: 235 months for Counts One and Two; 120 months for Count Three, concurrent; and 60 months for Count Four, consecutive. [CR Doc. 27]. Petitioner did not appeal.

On October 31, 2007, Petitioner filed a § 2255 Motion to Vacate, contending as his sole ground for relief that his counsel had not filed an appeal on Petitioner's behalf, despite Petitioner's instruction to counsel to do so. [CR Doc. 30]. The Court granted the Motion to Vacate and entered an Amended Judgment on December 3, 2007, with the same terms and conditions as the original Judgment. [CR Docs. 31, 33]. Petitioner then appealed from his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed on December 9, 2008. United States v. Rodriguez, 302 F. App'x 206 (4th Cir. 2008). In 2009, the United States Supreme Court denied certiorari. Rodriguez v. United States, 556 U.S. 1174 (2009).

In 2015, Petitioner filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 through counsel, in which he sought relief pursuant to Sentencing Guidelines Amendment 782. [CR Doc. 56]. The Amendment reduced the offense level from 38 to 36 pursuant to U.S. Guidelines Section 2D1.1, which resulted in an advisory guideline range of 188 to 235 months' imprisonment. On December 23, 2015, this Court reduced Petitioner's sentence to an aggregate of 248 months' imprisonment: 188 months for Counts One through Three; and five years for Count Four, to run consecutively. [CR Doc. 59].

Petitioner filed a second § 2255 Motion to Vacate on June 22, 2016 challenging his § 924(c) conviction pursuant to Johnson v. United States, 576 U.S. 591 (2015).[1] [CR Doc. 60]. The Court dismissed and denied the Motion to Vacate on September 26, 2016, on the grounds that Johnson was inapplicable to Petitioner's conviction and sentence, and denied a certificate of appealability. Rodriguez v. United States, 2016 WL 5402765 (W.D.N.C. Sept. 26, 2016). The Fourth Circuit dismissed Petitioner's appeal. United States v. Rodriguez, 678 F. App'x 134 (4th Cir. 2017).

Petitioner filed a third § 2255 Motion to Vacate on May 15, 2017, seeking relief pursuant to Dean v. United States, 137 S. Ct. 1170 (2017)[2] and, alternatively, reconsideration of the denial of a certificate of appealability in the prior § 2255 action. [CR Doc. 66]. The Court dismissed the Motion to Vacate as an unauthorized second or successive § 2255 petition and denied the alternative request for reconsideration. [CR Doc. 67].

Petitioner filed the instant § 2255 Motion to Vacate, his fourth such petition, on May 28, 2021. In this motion, he seeks to present "new finding's

---

[1] In Johnson, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C.A. § 924(e)(2)(B)(ii), is void for vagueness.

[2] In Dean, the Supreme Court held that district courts may consider the 18 U.S.C. § 3553(a) factors when determining a sentence for each individual offense in a multicount case, including mandatory consecutive sentencing required for a related § 924(c) offense.

[sic] in support of his Motion [to] Vacate…."[3] [Doc. 1 at 2]. Petitioner appears to argue that his § 924(c) conviction is invalid because the Supreme Court "held § 924(c) unconstitutional" in Johnson and its progeny. [Doc. 1 at 3-4]. He also seeks relief under the First Step Act because, he argues, he lacks the requisite criminal history and his mandatory sentences were improperly stacked. He asks the Court to "modify and reduce" his sentence to time served and appoint counsel to represent him.[4] [Doc. 1 at 2].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

---

[3] Petitioner did not file the § 2255 Motion to Vacate on a form used for § 2255 petitions, nor has he signed the petition under penalty of perjury -- he only certifies the date on which he placed the § 2255 Motion to Vacate in prison legal mail. [Doc. 1 at 7-8]; see Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings). In any event, because this is an unauthorized second or successive § 2255 petition, it would be futile for the Court to order Petitioner to resubmit the Motion to Vacate signed under penalty of perjury.

[4] There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. See 28 U.S.C. foll. § 2255. The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Petitioner does not qualify for the appointment of counsel under the Rules Governing § 2255 Proceedings and the Court finds that justice does not require the appointment of counsel in this case, and accordingly, Petitioner's request is denied.

excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015). A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Petitioner does not allege that he has received authorization from the Fourth Circuit Court of Appeals to file this motion or that his claims were not previously ripe.[5] Instead, he appears to reiterate his previously-presented claims. Petitioner's § 2255 claims fall squarely within § 2255(h)(2) and therefore Petitioner must receive authorization from the Fourth Circuit before presenting them to this Court. Accordingly, the Petitioner's motion is an unauthorized successive § 2255 Motion to Vacate and it will be dismissed for lack of jurisdiction.

---

[5] A search of PACER reflects that no such authorization has been requested or granted.

Petitioner appears to alternatively request a sentence reduction under §§ 401 and 403 of the First Step Act.

The First Step Act of 2018, 132 Stat. 5194, was signed into law on December 21, 2018. Section 401 of the First Step Act amended 21 U.S.C. § 841 to lower the mandatory minimum sentences for certain drug offenders with qualifying prior convictions, and narrowed the definition of qualifying predicate convictions that trigger those mandatory minimums. Under § 401, only a "serious drug felony" or "serious violent felony" for which the offender "served a term of imprisonment of more than 12 months" now qualifies as a predicate offense, rather than the previously included "felony drug offense," defined as an offense that "prohibits or restricts conduct relating to narcotic drugs, …" that is "punishable by imprisonment of more than one year…." See 21 U.S.C. § 841 (2018) (as amended by the First Step Act, § 401(a)); see also 21 U.S.C. §§ 802(44), (57), (58) (defining "felony drug offense," "serious drug felony" and "serious violent felony," respectively). These statutory changes apply to conduct that occurred before the First Step Act's enactment on December 21, 2018 "if a sentence for the offense has not been imposed ..." by that date. 132 Stat. 5194, § 401(c).

Section 401 does not apply to Petitioner's case. His § 841 conduct did not trigger a recidivist enhancement: the term of imprisonment for Count One

was not less than 10 years nor more than life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(viii); the term of imprisonment for Count Two was not less than five years nor more than 40 years. 21 U.S.C. § 841(b)(1)(B)(viii). [See CR Doc. 42 at ¶ 48]. Neither of these terms of imprisonment was enhanced based on any prior convictions. Moreover, Petitioner was sentenced before the First Step Act became effective on December 21, 2018. Therefore, § 401 of the First Step Act does not apply to Petitioner's sentence and his request for relief in this regard is denied.

Section 403 of the First Step Act addresses sentencing calculations for 21 U.S.C. § 924(c), which imposes minimum consecutive sentences for using or carrying a firearm in connection with a crime of violence. For a first § 924(c) offense, the statute requires a five- to ten-year mandatory minimum, depending on the circumstances; and for a subsequent conviction, a 25-year mandatory minimum applies. Prior to the First Step Act, a conviction was treated as "second or subsequent," triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). The First Step Act ended this practice, known as "stacking," by clarifying that the 25-year minimum mandatory applies only when a prior § 924(c) conviction arises from a separate case that has already become final. Id.; see § 403(a). Under

§ 403, the 25-year minimum mandatory is "reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution." United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020). That change does not apply retroactively to sentences imposed before the First Step Act became effective on December 21, 2018. McCoy, 981 F.3d at 275.

In the instant case, Petitioner received a single five-year consecutive sentence for the § 924(c) offense in Count Four. That sentence was not stacked with any other § 924(c) sentence and Petitioner was sentenced prior to December 21, 2018. Section 403 of the First Step Act is thus inapplicable. Petitioner's request for relief under § 403 is therefore denied.

Therefore, to the extent that Petitioner alternatively seeks a sentence reduction under §§ 401 and 403 of the First Step Act, such relief is denied.

## IV. CONCLUSION

For the foregoing reasons, Motion to Vacate, Set Aside, or Correct Sentence Under to 28 U.S.C. § 2255 is dismissed for lack of jurisdiction and his alternative request for a sentence reduction under the First Step Act is denied.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Accordingly, pursuant to Rule

11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Motion to Vacate, Set Aside, or Correct Sentence Under to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED**, Petitioner's alternative request for a sentence reduction under the First Step Act is **DENIED**, and this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 21, 2021

Martin Reidinger
Chief United States District Judge